## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**HUSSAMEDDIN JANOUDI,**

**Plaintiff,**

**v.**                                              **Civil Action No. _____**

**KENAN ADVANTAGE GROUP, INC.**

**Defendant.**

TO:   The Honorable Judges of the
      United States District Court
      District of Massachusetts

### <u>NOTICE OF REMOVAL</u>

Defendant The Kenan Advantage Group, Inc. (misnamed in the Complaint as "Kenan Advantage Group, Inc.") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. In support thereof, Defendant states the following:

### <u>Preliminary Statement of Claims</u>

1.    Defendant is a party to a civil action filed by Plaintiff Hussameddin Janoudi in the Commonwealth of Massachusetts, Norfolk County Superior Court, Civil Action No. 2282-CV-0172 (the "State Court Action").  A copy of the Summons and Complaint are attached hereto as <u>Exhibit A</u>.

2.    In his Complaint in the State Court Action served on February 24, 2022, Plaintiff alleges violations of the Title VII of the Civil Rights Act of 1964 ("Title VII"), and Chapter 151B of the Massachusetts General Laws.  <u>Exhibit A</u>.

<u>**Venue**</u>

3.      In accordance with 28 U.S.C. § 1441(a), venue lies in the United States District Court for the District of Massachusetts because the State Court Action was filed within this judicial district and division.

<u>**Grounds for Removal**</u>

4.      Pursuant to 28 U.S.C. 1441(a), any civil action brought in a state court in which the district courts of the United States have original jurisdiction may be removed by the Defendant to the district court of the place where such action is pending.

5.      Pursuant to 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States.

6.      This Court has federal question jurisdiction over this case because Plaintiff has set forth allegations that the Defendant has violated Title VII.  <u>Exhibit A</u>.

7.      This Court has supplemental jurisdiction over the remaining allegations in the Complaint pursuant to 28 U.S.C. § 1367 because they are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

8.      This Court also has jurisdiction based on diversity of citizenship.  Plaintiff is a resident and citizen of Rhode Island, as set forth in his Summons and Complaint in the State Action.  <u>Exhibit A</u>.  Defendant The Kenan Advantage Group, Inc. is incorporated in Delaware with a principal place of business in Ohio.  It is therefore a citizen of Delaware and Ohio.  *See* 28 U.S.C. § 1332(c)(1).

9.      The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest, fees and costs.  Specifically, Plaintiff's Complaint alleges that Defendant unlawfully terminated his employment and is liable for lost wages and emotional distress

damages, and the amount sought by Plaintiff would, if recovered, exceed the $75,000.00

minimum amount in controversy required by 28 U.S.C. § 1446 for removal.

### Timeliness of Removal

10.     Defendant was served with Plaintiff's Complaint on February 24, 2022.

Defendant files this Notice of Removal within thirty (30) days after receipt of the Complaint

setting forth the claims for relief upon which the action is based, and the time for filing this

Notice of Removal pursuant to 28 U.S.C. § 1446(b) has not expired.  Filed herewith as Exhibit B

are true and correct copies of all process, pleadings, and orders served upon Defendant in the

State Court Action, as provided by 28 U.S.C. § 1447.

### Proper Notice of Removal

11.     Defendant will promptly file a true and correct copy of its Notice of Removal

with the Superior Court, Norfolk County, Commonwealth of Massachusetts, where this action

has been pending, as provided by 28 U.S.C. § 1446(d).  *See* Exhibit C.

12.     Defendant will promptly serve a copy of this Notice of Removal by mail on the

Plaintiff, who appears *pro se* pursuant to 28 U.S.C. § 1446(d).  *See* Exhibit D.

13.     Pursuant to Local Rule 81.1(a), Defendant will obtain certified or attested copies

of the docket sheet and all pleadings in the State Court Action and will file them in this Court

within twenty-eight (28) days.  Additionally, pursuant to Local Rule 5.4(f), Defendant will also

file a disk with the clerk's office, containing the State Court record in .pdf format.

14.     For the reasons stated above, this action is removable to this Court pursuant to the

provisions of 28 U.S.C. § 1441.

15.     By filing this Notice of Removal, Defendant is not making a general appearance

and is not waiving any defenses and/or grounds for dismissal that may be available to it pursuant

to Rule 12 of the Federal Rules of Civil Procedure and/or any other applicable rules, including, but not limited to, those related to service of process, sufficiency of process, venue, or jurisdiction.  Defendant specifically reserves the right to assert any defenses and/or objections to which it may be entitled, including without limitation its right to seek to compel arbitration.

WHEREFORE, Defendant removes the State Court Action to this Court's jurisdiction.

Respectfully submitted,

THE KENAN ADVANTAGE GROUP, INC.

By its Attorneys,

*/s/ Jaclyn L. Kawka*
Jeffrey S. Siegel (BBO #647148)
Jaclyn L. (McNeely) Kawka (BBO #685011)
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109
P: (617) 523-6666
F: (617) 367-3125
E: jsiegel@morganbrown.com
   jkawka@morganbrown.com

Date: March 25, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2022, a copy of the foregoing document was served by first-class U.S. mail upon:

Hussameddin Janoudi
690 Prospect Street
Pawtucket, RI 02860

*/s/ Jaclyn L. Kawka*
Jaclyn L. Kawka

4